UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 01-00470-CR-UNGARO/SIMONTON**

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.

**FRANTZ BERNARD,**

 Defendant.
_____/

**REPORT AND RECOMMENDATION**

 This matter is before the Court on a Superseding Petition and Order for Action on Conditions of Supervised Release (DE # 64).  This matter was referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro, United States District Judge, to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing, with respect to whether or not the Defendant's Supervised Release should be revoked (DE # 78).  As described below, a hearing was held on April 15, 2008, at which time the Defendant waived his right to an evidentiary hearing and admitted violations one through four; and, the government dismissed violations five through seven. It is recommended that the Defendant's Supervised Release be revoked.

 I. <u>Background</u>

 On December 6, 2001, the defendant was sentenced to serve forty-six months of incarceration and three years of supervised release for conspiring to make or possess and for making or possessing counterfeit forged securities (DE # 42; Judgment entered 12/21/01, DE # 43).  In addition to the standard and special conditions imposed at the

time of his sentencing, the conditions of the defendant's supervised release were modified on March 6, 2006 to include a requirement that the defendant pay restitution (DE # 54); and, on February 9, 2007 to require the defendant to reside at and participate in the Residential Reentry Center for up to 120 days, or until otherwise released at the direction of the United States Probation Officer (DE # 56).

The defendant is charged with the following four violations of his supervised release, which he has admitted:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 17, 2007, in Miami, Florida, the defendant committed the offense of Unlawful Driving as a Habitual Traffic Offender, contrary to Florida State Statute 332.34(5), a third degree felony. On November 13, 2007, the defendant pled guilty in docket number F07-28540 and was sentenced to time served. |
| 2. | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 17, 2007, in Miami, Florida, the defendant committed the offense of Resisting Officer without Violence, contrary to Florida State Statute 843.02, a first degree misdemeanor. On November 13, 2007, the defendant pled guilty in docket number F07-28540 and was sentenced to time served. |
| 3. | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 17, 2007, in Miami, Florida, the defendant committed the offense of Driving While License Suspended/Third Offense, contrary to Florida State Statute 322.34(2)(C), a third degree felony. On November 13, 2007, the defendant pled guilty in docket number F07-28540 and was sentenced to time served. |
| 4. | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 17, 2007, in Miami, Florida, the defendant committed the offense of Reckless Driving, contrary to Florida State Statute 316.192, a second degree misdemeanor. On November 13, 2007, the defendant pled guilty in docket number F07-28540 and was sentenced to time served. |

On April 15, 2008, the defendant Frantz Bernard, while represented by counsel,

and after having been advised of his rights by the Court, waived his right to an evidentiary hearing and admitted to the four aforementioned supervised release violations.

The defendant was also charged with three additional supervised release violations, including violation of the mandatory condition to satisfy the court-ordered restitution; violation of the standard condition to work regularly at a lawful occupation; and violation of the special condition to provide financial documentation to the U.S. Probation Officer (DE # 64). However, the Government dismissed these charges at the April 15, 2008 hearing.[1]

The Government agreed that it would seek a sentence of 18 months, which is at the low end of the Guideline range. The Defendant reserved his right, and stated his intention, to argue that a lower sentence is appropriate.

II.   Recommendation

The undersigned recommends revocation of the defendant's supervised release based on the defendant's admission to violations numbered one through four.

The parties have ten (10) days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained

---

[1] The parties agreed that the Government could argue the facts which formed the basis for these alleged violations at the sentencing hearing even though the violations are dismissed and will not serve as an independent basis for revocation.

herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on April 15, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record